UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DEBRA S. LOSH,** | ) | Case No. 5:15CV00980 |
| | ) | |
| **Plaintiff** | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) ) | |
| | ) | |
| | ) | |
| **Defendant.** | | |

Plaintiff Debra Losh ("Plaintiff") challenges the Commissioner of Social Security's ("Commissioner") decision denying her Disability Insurance Benefits under Title XVI of the Social Security Act. Pursuant to Local Rule 72.2(b)(1), this matter was automatically referred to United States Magistrate Judge Thomas M. Parker for preparation of a report and recommendation ("R&R"). On June 3, 2016, the Magistrate Judge issued an R&R recommending that the Commissioner's decision be affirmed. Plaintiff now objects. For the reasons that follow, the objections are well taken, the Commissioner's decision is reversed, and this matter is remanded for further proceedings.

-1-

**I. Background**

In May 2010, Plaintiff began seeking medical care for severe pain in her back, hip, knee and joints.  (Doc. #:11 at 285-303).  Plaintiff's doctors discovered that she suffered from a variety of conditions, including moderately severe spinal canal stenosis, bursitis, degenerative disc disease, arthritis and facet arthropathy throughout her lumbar spine.  (*Id.* at 337, 340-41, 373).  In July 2011, at the age of 55, Plaintiff sought disability benefits on the ground that she was unable to work because her pain prevented her from standing or sitting at a desk for an extended period of time.  (*Id.* at 147, 212-15).  Plaintiff has the GED equivalent of a high school education and past relevant work experience as a nanny, cashier, telephone operator, and customer service representative.  (*Id.* at 46, 200-01).  Plaintiff's application for disability benefits was denied both initially (*id.* at 111-14) and upon reconsideration (*id.* at 118-24).  In July 2012, Plaintiff requested an administrative hearing.  (*Id.* at 125-26).

At Plaintiff's hearing, the Administrative Law Judge ("ALJ") found that Plaintiff had ceased to engage in "substantial gainful activity" due to her severe, chronic pain.  (Doc. #:11 at 23). Because Plaintiff's impairments were not listed in the agency's regulation as dispositive of a disability without further inquiry (*id.* at 24), the ALJ assessed Plaintiff's residual functional capacity ("RFC")— i.e., "the most [she] can still do despite [her] limitations"— to determine if Plaintiff's impairments actually prevented her from working.  20 C.F.R. § 404.1545(a)(1).  In his final RFC determination, the ALJ concluded that Plaintiff would be able to "perform sedentary work as defined in 20 C.F.R. § 404.1567(a); with a 'sit/stand option' defined as the ability to alternate between sitting and standing positions as necessary during the course of the workday to alleviate pain or discomfort, while remaining on task and at her workstation no less than 90

percent of the time, with usual and customary breaks." (Doc. #:11 at 25). It is uncontested that this limitation should be interpreted to mean that Plaintiff would be off-task and away from her work station for up to 10 percent of the time.

The ALJ posed a hypothetical set of circumstances to a vocational expert ("VE") to assess Plaintiff's ability to find and hold work based on her RFC. Specifically, the ALJ asked the VE whether an individual, "similar in age and education [to Plaintiff]," would be able to find and hold employment if she could "perform a full range of sedentary work, but would need a sit/stand option. . . to move, stand, shift about for brief periods of time in order to obviate any pain or discomfort" during which she would not have to "move far away from the work station." (Doc. #: 11 at 54-55). The VE testified that, under those limitations, a person could hold employment in Plaintiff's past sedentary positions as a call center representative or telephone operator. (*Id.* at 55). Thus, the ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. (*Id.* at 34-35). The Plaintiff's request for review by the Appeals Council, filed in February 2014, was denied, and the ALJ's decision became the Commissioner's final decision. (*Id.* at 1-5).

In May 2015, Plaintiff filed the instant case seeking review of the Commissioner's final decision, arguing *inter alia* that the ALJ erred by failing to include the 10 percent off task limitation in the hypothetical posed to the vocational expert. This matter was automatically referred to the Magistrate Judge for preparation of a report and recommendation. In his R&R, the Magistrate Judge recognized that the ALJ failed to include the 10 percent off-task limitation, but he concluded this was harmless error, reasoning as follows,

-3-

> Here, the VE testified that there would be jobs available to an individual with plaintiff's impairments even if the individual needed to stand and sit at will to ease pain. Common sense dictates that such an individual would be permitted to take the customary breaks allowed by most employers and that including this detail in the hypothetical question would have made no difference to the VE's opinion. For this reason, the court agrees with defendant that the ALJ's failure to include these standard specifications in his hypothetical question to the VE was harmless error.

(Doc. #: 18 at 23).

Plaintiff objects to the Magistrate Judge's recommendation, arguing that ALJ's decision was not supported by substantial evidence because the VE was not asked to consider whether an individual who would be off-task for 10% of the workday would be able to find and hold work. (Doc. #: 14 at 13-14). Plaintiff further maintains that the ALJ's error was not harmless because "a 10% loss in productivity [would] be a material factor in deciding to hire or retain an individual." (Doc. #: 19 at 3).

## II. Standard of Review

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judges's recommendations. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

In reviewing the denial of Social Security benefits, the Court is limited to determining whether the Administrative Law Judge employed the proper legal standards in reaching his

conclusion, and whether there is substantial evidence in the record to support the Commissioner's factual findings. *See* 42 U.S.C. § 405(g); *Branham v. Gardner*, 383 F.2d 614, 626–27 (6th Cir. 1967). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings "as to any fact[,] if supported by substantial evidence [,] shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence supports a claimant's position, the Court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

### III. Discussion

The question presented is whether the Magistrate Judge correctly recommended that the ALJ committed harmless error when he failed to include the 10 percent off-task limitation in his hypothetical to the VE. On *de novo* review of the record, the Court respectfully disagrees with the recommendation of the Magistrate Judge. The ALJ's hypothetical to the VE did not accurately portray Plaintiff's limitations, as it excluded a critical limitation, i.e. that Plaintiff would be off task for 10 percent of an eight-hour work day. This is not harmless error, because such a limitation would plainly be material to any employer's decision to hire or retain such an individual.

"In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy*

*v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010) (holding that the ALJ's hypothetical did not accurately portray a claimant's abilities by indicating that he could perform "simple, repetitive tasks" without specifying that he was limited to doing so in "two-hour segments over an eight-hour day where speed was not critical.").

Although "the hypothetical question posed to a VE must accurately describe a claimant, there is no requirement that [the hypothetical] must match the language of the RFC verbatim." *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016).  A hypothetical question may also be incomplete yet still completely convey a claimant's limitations.  *Lester v. Social Sec. Admin.*, 596 Fed. App'x 387, 389-90 (6th Cir. 2015) (holding that an ALJ's hypothetical— though it did not specifically mention "concentration" or "pace"— did accurately portray a claimant with concentration and pace limitations by requiring the VE to consider a "one- to two-step instruction" limitation.).  "[A]lthough an ALJ need not list a claimant's medical conditions [in his hypothetical], the hypothetical should provide the vocational expert with the ALJ's assessment of what the claimant 'can and cannot do.'"  *Brooks v. Comm'r of Soc. Sec.*, 531 Fed. App'x 636, 644 (6th Cir. 2013) (citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004)).

In this case, the VE's testimony does not serve as substantial evidence to support the ALJ's decision because the hypothetical limitations posed to the VE were fundamentally different from Plaintiff's abilities as described in the ALJ's RFC findings.  The ALJ's hypothetical to the VE described an individual who would need to exercise a "sit/stand option" for "brief periods of time" to alleviate pain.  The ALJ never suggested to the VE that the Plaintiff would be off-task and away from her work station at all, let alone for a full 10% of the workday.

In fact, the ALJ's hypothetical indicated that the claimant would not move away from the workstation when exercising the option — thereby implying the claimant would still be capable of working and therefore still "on-task."

Like *Ealy*, the ALJ in this case omitted a critical limitation that ultimately quantifies how often the Plaintiff is actually capable of executing her remaining abilities.  As such, the VE's testimony similarly fails to amount to substantial evidence.  The ALJ completely omitted Plaintiff's 10% off-task limitation from his hypothetical, thus the VE was not able to consider this limitation in determining Plaintiff's ability to find and hold work.  As a result, the ALJ did not have sufficient evidence that Plaintiff could hold positions in past relevant work and consequently to deny her benefits.

An error like the ALJ's incomplete hypothetical is harmless only if remanding the matter to the agency "would be an idle and useless formality" because "there is [no] reason to believe that [it] might lead to a different result."  *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 520 (6th Cir. 2011) (citing *Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x. 171, 173 (6th Cir. 2004)). This Court finds that remand would not be an useless formality because the VE was never asked to consider a critical "off-task" limitation wherein a claimant is not working for almost an entire hour in an eight-hour workday.  The Court is persuaded that had the ALJ communicated this "off-task" limitation to the VE, it might have altered the VE's testimony and led to an entirely different result.  Thus, the ALJ's omission of the 10% off-task limitation in his hypothetical to the VE was not harmless error.

## IV. Conclusion

For the reasons stated above, the Magistrate Judge's recommendations are respectfully rejected, the Commissioner's decision is reversed, and this matter is remanded. On remand, the ALJ is directed to formulate a hypothetical that accurately portrays Plaintiff's remaining abilities as described in the ALJ's RFC finding, including Plaintiff's quantified "off-task" limitation.

**IT IS SO ORDERED.**

                                               */s/ Dan Aaron Polster     7/11/2016*
                                               **Dan Aaron Polster**
                                               **United States District Judge**